827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NIAGARA FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
William J. DRILLOCK and David W. Hearsch, Defendants-Appellees.
 No. 86-1450.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Niagara Fire Insurance Company appeals from a judgment entered against it following a bench trial in the United States District Court for the Eastern District of Michigan. Niagara had sought a declaratory judgment that it was not required to defend an attorney malpractice suit brought against the defendants.
 
 
 2
 The malpractice suit was filed by defendants' client because defendants had failed to commence a lawsuit within the limitations period. When the oversight occurred, when defendants discovered it, and when they ultimately filed suit, defendants' malpractice insurance was provided by another company. By the time that lawsuit was dismissed, Niagara was defendants' insurance carrier. The client was not informed that it potentially could bring a malpractice suit until its suit was dismissed.
 
 
 3
 Between the time of the filing of the client's lawsuit and its dismissal, the state bar association changed its endorsement of its attorneys' malpractice carrier from the company defendants had used to Niagara. Defendants received a conversion application for Niagara's policy, which indicated that it did not cover claims arising from acts or omissions of defendants occurring prior to the effective date of the policy if defendants could reasonably expect their acts or omissions to form the basis of a claim. The policy stated that no provision could be waived by Niagara's agent, and that any change could occur only by a signed endorsement by an authorized Niagara agent. Shortly after defendants received the policy, an agent of Niagara informed a state bar official, in response to concerns about a gap in coverage for bar members, that prior claims would be excluded only if the attorney had been notified verbally or in writing that a third party intended to file a claim. The bar official wrote to bar members that because of this representation, attorneys who obtained Niagara coverage would be covered for prior acts unless an actual claim had been made against them. The defendants obtained coverage from Niagara, and their client did not notify defendants that they intended to file a claim until after Niagara's policy was in effect.
 
 
 4
 The district court found that, through an agent, Niagara made representations that the agent knew or should have known that the bar members would rely upon, that defendants had relied upon those representations, and that Niagara had acquiesced in them. It further held that the agent had apparent authority to modify the contract, and that Niagara could not rely upon its contractual provision regarding prior acts to deny coverage.
 
 
 5
 On appeal, Niagara argues that its policy exclusion suffices to deny coverage because the representations were not made by an agent with actual or apparent authority, and that defendants did not rely upon the representations. For the reasons set forth in the memorandum opinion and order of United States District Judge James Harvey entered in the district court on April 9, 1986, the judgment of the district court is AFFIRMED.